IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMAN AMAN | : CIVIL ACTION |
| | : |
| v. | : NO. 26-695 |
| | : |
| JAMISON, J.L., MICHAEL T. ROSE, | : |
| TODD LYONS, KRISTI NOEM, | : |
| PAMELA JO BONDI | : |

# ORDER

**AND NOW**, this 5th day of February 2026, upon considering the verified Petition for habeas corpus (ECF 1), the United States' timely Opposition (ECF 6), carefully considering the uncontested allegations regarding the Petitioner's presence in our District and Respondents do not claim Petitioner is a danger to person or property or a flight risk, mindful the United States repeats the same arguments denied by us and our colleagues from several earlier similar petitions, and finding, as we already found and our colleagues in over three hundred cases nationwide have found before us facing similar fact patterns,[1] the Respondents detain Petitioner in violation of the Constitution and the laws of the United States and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as the Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis (well known to the Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly, and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the verified Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner Aman Aman is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. Respondents shall **forthwith** release Aman Aman from custody and shall confirm their anticipated strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **2:00 PM EST** on **February 6, 2026**;

3. Respondents are temporarily enjoined from re-detaining Aman Aman until no earlier than **February 17, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Aman with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4. Respondents cannot remove, transfer, or otherwise facilitate the removal of Aman Aman from the Eastern District of Pennsylvania before an ordered bond hearing, but if an duly authorized under law immigration judge with jurisdiction finds Mr. Aman is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Aman from this District for unforeseen or emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Aman; and,

5. We **direct** the Clerk of Court **CLOSE** this case.

_____
KEARNEY, J.

---

[1] *See Dong v. Rose et al.,* No. 25-7182, ECFs 6, 7 (E.D.Pa. Dec. 23, 2025) (citing Judge Diamond's comprehensive November 18, 2025 analysis); *Sepiashvili v. Rose et al.,* No. 26-107, ECF 7 (E.D. Pa. Jan. 13, 2026); *Iskakov v. Jamison et al.,* No. 25-7264, ECF 8 (E.D. Pa. Dec. 29, 2025); *see also Demirel v. Fed. Det. Ctr. Phila.,* No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025). The United States' response to Petitioner's habeas petition concedes all decisions in this District addressing the issues raised here are adverse to the United States' position. *See* ECF 6 at 2 & n.1.